UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES EFFIWATT,<br><br>                           Plaintiff,<br><br>-against-<br><br>BROOKLYN DISTRICT ATTORNEY;<br>DAVID SALAMON; SHIFRA SALAMON;<br>HUBBARD ESTATES LLC; JOHN DOE 1-2<br>DETECTIVES D.A. OFFICE; JOHN &<br>JANE DOES 1-20,<br><br>                           Defendants. | 22-CV-10965 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, brings this *pro se* action against the Brooklyn District Attorney and others, in connection with Plaintiff's arrest on January 4, 2022, in Brooklyn, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that his claims arose at 36 Hubbard Place in Brooklyn, New York.[1] (ECF 2 at 3.) Brooklyn is located in Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). It is unclear if any defendant resides in this district. Plaintiff lists an address for Defendant Hubbard Estates, LLC, in Brooklyn, New York. (ECF 2 at 3.) The other defendants are the Brooklyn District Attorney, two John Doe detectives with the Brooklyn District Attorney's Office, and two unidentified police detectives. It is therefore unclear whether venue based on the residence of the defendants is proper, under § 1391(b)(1), in either this district or the Eastern District of New York. Because the events giving rise to Plaintiff's claims occurred in Brooklyn, venue is proper under § 1391(b)(2) in the Eastern District of New York.

A court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice," even if it is filed in a jurisdiction where venue is proper. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the

---

[1] According to public records, Plaintiff was arrested on January 4, 2022, and charged in the Supreme Court, Kings County, with burglary, grand larceny, and attempted grand larceny. *People v. Effiwatt*, IND-74268-21. He pleaded not guilty, and his next appearance is in 2023.

2

chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, where Plaintiff was arrested and where it is reasonable to expect that all relevant documents and witnesses would be located. Plaintiff does not reside in this district, and the operative events did not occur in this district. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:  December 30, 2022
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge